JOHN LYNCH, Appellee, *vs.* THE BALTIMORE AND OHIO
SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed June 16, 1909.*

1. CONTRACTS—*when contract between land owner and railroad
is binding.*  A contract between a land owner and a railroad com-
pany requiring the land owner to construct and maintain fences
between his land and the right of way of the railroad is binding
upon the land owner, even though the contract may not have been
executed by the proper official of the railroad company, if it was
executed by the land owner for valuable consideration.

2. SAME—*when fact that covenant may be only a personal one
is without effect.*  The fact that a covenant by a land owner to
construct and maintain a fence between his land and a railroad
right of way may be only a personal one has no effect to give his
grantee a right to recover damages for injury to live stock getting
on the track on account of his failure to maintain the fence, where
the statute in force when the contract was made expressly provided
that in case such agreement was made the company would not be
liable to the owner of the land, or his *heirs and assigns,* for dam-
ages of such character.

3. RAILROADS—*the duty to fence right of way is statutory.*  The
duty of a railroad company to fence its track is imposed by the
State, in the exercise of its police power, for the protection of
property and is subject to such conditions and limitations as the
legislature may impose; but it is not an absolute one at all times
and under all circumstances.

4. SAME—*effect of a fencing contract made under act of 1855.*
The effect of a contract made in accordance with the provisions
of the act of 1855, (Laws of 1855, p. 173,) relating to agreements
by land owners to build and maintain right of way fences, is to
perpetually relieve the railroad company from any liability to the
owner either to build the fence or respond in damages for injury
to live stock of such owner coming upon the track on account of
his failure to construct or maintain the fence.

5. SAME—*act of 1874 does not abrogate fencing contracts made
under act of 1855.*  The right of a railroad company to operate its
trains free from liability for damages to live stock of a land owner
on account of his failure to maintain a fence he has contracted to
build and maintain under the act of 1855 is a right which cannot
be held to be abrogated by the act of 1874, relating to fencing and
operating railroads, without violating the provision of section 14
of article 2 of the constitution.

APPEAL from the County Court of Richland county; the Hon. JOHN A. MACNEIL, Judge, presiding.

R. S. ROWLAND, and KRAMER, KRAMER & CAMPBELL, (EDWARD BARTON, of counsel,) for appellant.

JOHN LYNCH, for himself.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellee sued appellant in the county court of Richland county for damages caused by the negligent killing of certain stock. The negligence charged was appellant's failure to fence its railroad as required by the statute. The plea set out *in hæc verba* a written contract dated June 27, 1870, between John Lynch, the father of appellee, who was then the owner of the land adjoining the railroad at the place where the stock got upon the track, and the Ohio and Mississippi Railway Company, which was then the owner of the railroad, whereby Lynch, in consideration of $273, for himself, his heirs, executors, administrators and assigns, covenanted and agreed, within two months, to erect and forever thereafter maintain on the line between the right of way and the adjoining land, which the contract specifically described, a fence suitable and sufficient to prevent horses, cattle, sheep and hogs from getting on said railroad, and that such covenant and agreement should run with and bind the land and all subsequent owners thereof. The plea then alleged that appellant had succeeded to the title of the Ohio and Mississippi Railway Company; that appellee became the owner of the land, as grantee of John Lynch, with full knowledge of the contract, which was duly recorded, and that the animals killed got upon the railroad from said land at places where the appellee was required by said contract to maintain the fence. The court sustained a demurrer to the plea, and appellant abiding by its plea, judgment was rendered against it. An appeal was taken

directly to this court on the ground that a constitutional question is involved as to the application of the statute requiring railroad companies to fence their rights of way to this contract.

At the time the contract set out in the plea was entered into, there was in force an act approved February 14, 1855, entitled "An act to regulate the duties and liabilities of railroad companies." (Laws of 1855, p. 173.) Section 1 required railroad companies to fence their roads within a certain time and at certain places, and in default thereof prescribed that they should be liable for all damages done by their agents or engines to cattle, horses, sheep or hogs on such railroads. Section 2 provided that it should be the duty of every owner of land adjoining any railroad who had received a specific sum as compensation for fencing along the line of land taken for the purpose of said railroad and had agreed to build and maintain a lawful fence on the line of said road, or who had received compensation for building and maintaining such fence in the condemnation of land taken for the purposes of said road, to build and maintain such fence, and if said owner, his heirs or assigns, should not build said fence within six months after he had been notified to do so by said railroad corporation, or should neglect to maintain said fence if built, said corporation should build and thereafter maintain such fence and might maintain a civil action against the person neglecting to build or maintain such fence to recover the expense thereof, and such railroad corporation should not be liable to such owner or owners, their heirs and assigns, for any damage which should be done by the agents or engines, locomotives or cars of any such corporation to any cattle, horses, sheep or hogs of said owner or owners, their heirs, assigns or lessees, coming upon said road by reason of or on account of the failure of such owner or owners, their heirs or assigns, to construct or maintain said fence.

The duty of a railroad company to fence its track is statutory. It is imposed by the State, in the exercise of its police power, for the protection of property and is subject to such conditions and limitations as the legislature may direct. It is not absolute at all times and under all circumstances. In the act under consideration the duty to fence was imposed upon the adjoining land owner who had contracted to do so, and the railroad company was under no such duty until such land owner had failed to build or maintain the fence. Upon such failure the duty of the railroad company to fence arose, as well as its liability for damages done to cattle, horses, sheep or hogs on the railroad, but there was no liability for such damages to the owner who had failed to construct or maintain the fence, or to his heirs or assigns.

It is urged in support of the judgment that the contract was never valid or binding because not executed by the railway company by its proper executive officer. Even if not executed by the corporation, it was properly executed by the land owner upon a valid consideration and was binding upon him.

It is further urged by the appellee that the covenant was merely personal to John Lynch; that it did not relate to or concern the land; that no estate or interest in the land was conveyed; that there was no privity of estate between the parties, and that therefore the covenant did not run with the land. The statute expressly provides that in case such an agreement is made by an adjoining land owner the railroad corporation shall not be liable to such owner, his heirs or assigns, for damages of the kind sustained in this case, and whatever might be the force of the above propositions of appellee if the statute did not so provide, they can have no effect here. No reason is suggested, and we know of none, which would prevent the legislature, if it chose, from enabling the owner of land to charge it with his personal contract of such character as this and to make

such charge valid against the land in the hands of his heirs or grantees. The clause which declares the railroad corporation not liable to such owner or owners, their heirs and assigns, applies equally to owners who have agreed to build and maintain the fence and to those who have received compensation for that purpose in the condemnation of land for the road.

It is insisted by appellee that the act of 1874, entitled "An act in relation to fencing and operating railroads," (Hurd's Stat. 1908, p. 1673,) imposed upon the appellant the duty of fencing its track, and that thereafter the contract made with John Lynch ceased to be a valid binding contract. No doubt, as between the public and the appellant, the duty to maintain the fence rests upon the corporation, but as between appellant and appellee no such duty exists. No question of the police power arises in this case. The question is only between appellant and appellee as to whose is the duty, as between them, of maintaining the fence. By contract entered into before the passage of the act of 1874 the corporation had contracted, as it lawfully might, for the performance of this duty by the land owner. The laws existing at the time and place of making a contract form a part of it, and by the statute at the time the contract here involved was made, such contract perpetually relieved the corporation from any liability to the owner, for the time being, of the land described in it, either to fence or for damages done by the agents, engines or cars of the corporation to the cattle, horses, sheep or hogs of such owner coming upon the road on account of such owner's failure to construct or maintain the fence. To operate its trains free from liability to the land owner on account of failure to maintain the fence which he had contracted to maintain was a right secured to the corporation by its contract. To hold it liable now, notwithstanding the contract, would be to violate the obligation of the contract, in vio-

lation of section 14 of article 2 of the constitution of the State.

The plea set up a valid defense to the action. The county court erred in sustaining the demurrer. Its judgment is therefore reversed and the cause remanded, with directions to overrule the demurrer to the plea.

*Reversed and remanded, with directions.*